Filed 5/18/26  P. v. Ortega CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E087487 |
| v. | (Super.Ct.No. FWV25002476) |
| PASCUAL ORTEGA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael S. Dauber, Judge.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Pursuant to a plea agreement, defendant and appellant Pascual Ortega pled no contest to possession of a dirk or dagger (Pen. Code, § 21310, count 3)[1] and admitted that he had suffered a prior strike conviction (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)).  Pursuant to the plea agreement, the court sentenced defendant to 32 months in prison.  After defendant filed a notice of appeal requesting a certificate of probable cause, which the court denied, this court appointed counsel to represent defendant.

Counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the facts, a statement of the case, and requesting that we independently review the record.  Defendant was offered the opportunity to file a personal supplemental brief, which he has not done. We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[2]

An officer was dispatched to a business complex regarding a disturbance.  The victim informed the officer they were having a memorial service for someone at the back of the building.  Defendant "was being disrespectful and walking through the crowd at the [m]emorial service, lifting up his shirt, and showing what appeared to [the victim] as a handle to a knife."

---

[1] All further statutory references are to the Penal Code.

[2] The parties stipulated that "the preliminary hearing report or any documents in the court file, including the video submitted to the Court," would constitute the factual basis for the plea.

The victim and a few men tried to get defendant "away from the crowd and pushed him towards the south end of the business complex." Defendant pulled the knife from his pocket. Defendant held the knife toward the victim and told him, "I'll kill you." The incident was recorded on surveillance video, which the People played during the preliminary hearing.

Defendant walked up to the officer holding the knife. The officer drew his weapon, identified himself, and told defendant to drop the knife. Defendant dropped the knife and put his hands in the air. The officer then took defendant into custody.

The People charged defendant by information with assault with a deadly weapon (§ 245, subd. (a)(1), count 1) and criminal threats (§ 422, subd. (a), count 2). The People additionally alleged that defendant personally used a deadly weapon, a knife (§ 12022, subd. (b)(1)), in his commission of the criminal threats offense. The People further alleged that defendant had suffered a prior strike conviction.

On November 6, 2025, pursuant to a plea agreement, defendant pled no contest to an added count of possession of a dirk or dagger and admitted he had suffered a prior strike conviction. In return, on the People's motion, the court dismissed the remaining counts and enhancement. Pursuant to the plea, the court sentenced defendant to 32 months in prison.

## II. DISCUSSION

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

3

### III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

FIELDS
J.


MENETREZ
J.